T. E. KING AND OTHERS v. BOARD OF EDUCATION OF THE CITY OF HASTINGS AND ANOTHER.

FRED MICHEL v. SAME.

J. P. ERICKSON v. SAME.[1]

January 21, 1921.

No. 22,056.

**Entry of judgment — construction of stipulation.**

    Under the stipulation for settlement, plaintiffs were not entitled to the entry of the judgment asked for in their motion. The stipulation must be held to contemplate a proper and separate judgment in

[1]Reported in 181 N. W. 101.

each case, even though the cases were being tried together when the settlement was made.

Three actions in the district court for Dakota county to recover $3,187.61, $1,439.64 and $531.72, respectively, for work and material furnished in remodelling a certain school building. From an order, Converse, J., denying their motion for judgment pursuant to a stipulation made in open court, plaintiffs appealed. Affirmed.

*Thomas Jefferson McDermott* and *James Schoonmaker,* for appellants.
*W. H. Gillitt* and *Albert Schaller,* for respondent.

HOLT, J.

Appeal by plaintiffs from an order denying their joint motion to enter a judgment pursuant to a stipulation.

Joseph King and T. E. King, partners as King Plumbing & Heating Company, Fred Michel and J. P. Erickson each sued the defendant to recover for work and material furnished in remodelling a public school building at Hastings. The King claim was for over $5,000, to which was interposed a counterclaim for over $10,000; the Michel claim was about $1,400, which was denied, and the Erickson claim was about $500, which was also denied. The three cases were tried together. During the trial efforts were made by the parties to settle the litigation. The same attorney represented the different plaintiffs, and on the third day of the trial he dictated the following stipulation into the record of the court stenographer:

"It is hereby stipulated and agreed by and between the parties to the above entitled action, in open court, that the respective plaintiffs, King, Erickson and Michel will accept as and for the full settlement of all of their claims against defendant, the aggregate sum of $3,370.55, the said sum to be a full, complete settlement of all claims of every nature against said defendant board, and the said sum to be prorated among themselves according to their own mutual agreement."

The stipulation was not then assented to by defendant or its attorneys, the latter saying that it would first be necessary to have a meeting of the board of education. Such meeting was held, at which one of the plaintiffs, King, was present, and defendant claims that it was then

agreed that, if defendant would settle the litigation, the plaintiffs King would reduce the amount of the portion coming to them by $351 because of their failure to install boilers in the building of the capacity specified in their contract. The next morning, when court convened, neither the plaintiff Erickson nor Michel nor plaintiff's attorney was present, presumably upon the understanding that the trial would not proceed. However, defendant's attorney then dictated this, in the court stenographer's record, viz.:

"The defendant board of education of Hastings appears in open court and consents to the stipulation heretofore dictated and entered into on the part of the plaintiffs King Heating & Plumbing Co., Erickson and Michel, and agrees that judgment may be entered thereon within ten days, unless in the meantime the amount shall have been paid to the First National Bank, according to the terms of the assignment made by the plaintiff King Heating & Plumbing Company to said bank."

The bone of contention is the $351 reduction which the plaintiffs King agreed to make. That this agreement was made to induce defendant to settle the litigation is not denied by the Kings. We also infer that defendant is ready and able to pay $3,019.34 to plaintiffs, the amount of their offer of settlement less this $351 reduction. But plaintiffs now ignore the agreement and insist upon a judgment for $3,370.55.

The showing on the motion was that no money was actually paid to the bank within 10 days or at all. However, it does appear that defendant had arranged to pay the bank the full sum named by plaintiffs, less the said $351, and that defendant immediately caused a release to be drawn and sent to plaintiff's attorney for execution by them severally. The release was not signed, and matters rested for more than a year when this motion for judgment was made.

The $351 reduction, which plaintiffs King agreed to, was founded upon a good consideration. The Kings do not deny it, and we see no reason why defendant should forego the same, unless as a matter of strict legal right plaintiffs were upon this showing entitled to a rendition of the precise judgment they ask. We agree with the learned trial court that the so-called stipulation does not, on the proof presented, call for such a judgment. That part dictated by plaintiffs' attorney was a mere

offer of settlement.   It did not contemplate the rendition of a money judgment.   In the acceptance of the next day, dictated by defendant's attorney, we find a conditional offer of judgment.   If we assume that plaintiff accepted it, or could so do at any time, we reach the question whether or not it was made to appear to the trial court that such a judgment as the parties contemplated could be entered.

There were three separate suits.   They were tried together, but, if the trial had been concluded in favor of all the plaintiffs, no doubt the findings would have directed a separate judgment in each case for the recovery of a definite sum against defendant.   Plaintiffs on this motion did not furnish the court with any stipulation or agreement as between themselves as to how much each was to have of the $3,370.55.   And no good reason appears to us why, from the amount to go to plaintiffs King, the $351 should not be deducted.   The situation in which the litigation was left makes it clear that the parties intended to settle, and defendant proposed a judgment in case it failed to comply with the conditions it made for itself.   We think the showing is clear that defendant was and is ready and willing to abide by these conditions, namely, to pay the sum of $3,370.55 less $351, which plaintiffs King have agreed to discount from their share.   It would be inequitable to enter judgment in these cases which would result in holding defendant to pay more.   To say the least, the stipulation is neither so definite nor have the conditions therein annexed been so clearly defaulted by defendant that the court is bound to enforce it by giving the judgment asked for.   We apprehend that when it is made to appear by stipulation between plaintiffs what sum Erickson and Michel shall each have of the settlement, there will be no difficulty about entering proper judgments, for the balance of the $3,370.55 less $351 will go to plaintiffs King or their assignee.   There can be no doubt that the proper mode of enforcing the settlement under the stipulation is by the entry of a judgment in each action for the proper amount.

The order is affirmed, but without prejudice to renew the application for judgments in the court below, if done in conformity with the view herein expressed.